UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re:                                                                         Chapter 13

Mendel Paneth,                                                         Case No. 1-22-41414-NHL

                                            Debtor.

-------------------------------------------------------------------x

## ORDER DENYING MOTION TO COMPEL ARBITRATION AND DECLINING TO PERMISSIVELY ABSTAIN

WHEREAS, on June 19, 2022, Mendel Paneth (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code, which was eventually converted to a case under chapter 13; and

WHEREAS, on September 20, 2022, Kidline Enterprises Inc. (hereinafter, "Kidline") and David Reiner (hereinafter, "Reiner," and, together with Kidline, the "Creditors") commenced Adversary Proceeding No. 22-01076-nhl against the Debtor, seeking a determination that the Creditors' claims are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6), based upon, among other things, the Debtor's alleged transfers of Kidline's assets (the "Adversary Proceeding"); and

WHEREAS, on September 23, 2022, the Creditors filed the instant motion for an order (i) compelling arbitration under the Federal Arbitration Act; (ii) vacating the automatic stay under 11 U.S.C. § 362(d)(1) so that the pending rabbinical arbitration of the dispute between the parties may proceed; and (iii) waiving the 14-day stay pursuant to Bankruptcy Rule 4001(a)(3) [ECF No. 33] (the "Motion to Compel Arbitration"); and

1

WHEREAS, the Debtor and Sarah Paneth filed opposition to the Motion to Compel Arbitration [ECF Nos. 43-44, 50, 56, 73] (collectively, the "Opposition"); and

WHEREAS, the Creditors filed replies in support of the Motion to Compel Arbitration on November 12, 2022 and December 5, 2022 [ECF Nos. 59, 76-77]; and

WHEREAS, hearings on the Motion to Compel Arbitration and pre-trial conferences on the Adversary Proceeding were held and adjourned from time to time; and

WHEREAS, at hearings on January 12, 2023, the Court *sua sponte* raised the issue of permissively abstaining from the Adversary Proceeding under 28 U.S.C. § 1334(c); and

WHEREAS, the Court adjourned the hearing on January 12, 2023 to March 9, 2023, to afford the parties time to file briefs on whether the Court should abstain from hearing the Adversary Proceeding until the underlying claims for liability and damages against the Debtor are determined in arbitration; and

WHEREAS, on February 17, 2023, the creditors filed a memorandum of law in support of abstention [ECF No. 94], the Debtor filed a declaration and memorandum of law in opposition to abstention [ECF Nos. 95, 96], and interested parties Tele Go Inc., Infinite Solution NY Inc., Chaim Kohn, JCR Printing and Yossi Reiner, filed a declaration of counsel in support of abstention [ECF No. 93]; and

WHEREAS, subsequent hearings were held and adjourned from time to time, and on July 10, 2023, the Court issued an order appointing and authorizing the Hon. Shira Scheindlin to serve as a mediator with respect to the issues raised by the Motion to Compel Arbitration and the Adversary Proceeding [ECF No. 138]; and

WHEREAS, unfortunately, the mediation was unsuccessful; and

WHEREAS, a hearing was held before this Court on February 7, 2024 (the "Hearing"), at which Paul Hollender, Esq. (Counsel to Debtor), Mendel Paneth (Debtor), Sarah Paneth (Interested Party) Mark Frankel, Esq. (Counsel to Kidline Enterprises Inc, David Reiner), Karamvir Dahiya, Esq. (Special Counsel to Debtor), Hanin Shadood, Esq. (Counsel to Trustee), and David N. Saponara, Esq. and Paul H. Aloe, Esq. (Counsel to Kidline Enterprises Inc. et al) appeared; and

WHEREAS, at the Hearing, the Court read a decision into the record, which is incorporated herein by reference;

NOW, THEREFORE, for the reasons stated on the record on February 7, 2024, it is

ORDERED, that the Motion to Compel Arbitration is denied in its entirety, and the Opposition is sustained; and it is further

ORDERED, that the Court will decline to permissively abstain from the Adversary Proceeding pursuant to 28 U.S.C. § 1334.



Dated: February 8, 2024
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge